UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAINT BROWN, an individual, et al.,<br><br>         Plaintiffs,<br><br>v.<br><br>CAMP PENDLETON & QUANTICO HOUSING, LLC, a Delaware limited liability company, et al.,<br><br>         Defendants. | Case No.: 23-cv-567-JES-DDL<br><br>**ORDER GRANTING JOINT STIPULATION AND MOTION FOR FED. R. CIV. P. 35 EXAMINATION**<br><br>[Dkt. No. 22] |

## I.
## INTRODUCTION

Before the Court is the parties' Joint Stipulation and Motion for an order permitting the medical examination of Plaintiffs Saint Brown and Christine Brown ("Plaintiffs") pursuant to Federal Rule of Civil Procedure 35 ("Joint Motion"). Dkt. No. 22.

## II.
## LEGAL STANDARD

Upon motion and for good cause shown, the Court may order any party "whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1) and (2). "A [party's] mental or physical condition is 'in controversy' when such condition is the

subject of the litigation." *Robertson v. City of San Diego*, No. 13cv1460W(JLB), 2014 WL 6810726, at *1 (S.D. Cal. Dec. 2, 2014).[1] "[T]o establish that [a] party's mental condition is 'in controversy'" for purposes of Rule 35, "the moving party must show more than that the party in question has claimed emotional distress." *Turner v. Imperial Stores*, 161 F.R.D. 89, 97 (S.D. Cal. 1995). However, where "the case[] involve[s], in addition to a claim of emotional distress, one or more of the following," a Rule 35 examination may be warranted:

> 1) a cause of action for intentional or negligent infliction of emotional distress; 2) an allegation of a specific mental or psychiatric injury or disorder; 3) a claim of unusually severe emotional distress; 4) plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5) plaintiff's concession that his or her mental condition is "in controversy" within the meaning of Rule 35(a).

*Id.* at 95. "Although Rule 35 is to be construed liberally in favor of granting discovery, 'garden variety' emotional distress is insufficient to put a plaintiff's mental condition in controversy." *See Hung Nguyen v. Regents of the Univ. of Cal.*, No. 8:17-cv-00423-JVS-KES, 2018 WL 6112617, at *2 (C.D. Cal. Jul. 26, 2018). "Garden variety" emotional distress is that which is "normally associated with or attendant to" the alleged injuries. *See Houghton v. M & F Fishing, Inc.*, 198 F.R.D. 666, 669 (S.D. Cal. 2001).

Rule 35 also requires any order for a mental examination be supported by a showing of good cause. *See* Fed. R. Civ. P. 35(a). "'Good cause' generally requires a showing of specific facts justifying discovery." *Montez v. Stericycle, Inc.*, No. 1:12-CV-0502-AWI-BAM, 2013 WL 2150025, at *2 (E.D. Cal. May 16, 2013). To determine if good cause exists to order a party to submit to examination, the Court will consider "(1) the possibility of obtaining desired information by other means; (2) whether plaintiff plans to prove her

---

[1] All citations and internal quotation marks are omitted unless otherwise stated.

claim through testimony of expert witnesses; (3) whether the desired materials are relevant; and (4) whether plaintiff claims ongoing emotional distress." *See Erhart v. BofI Holding, Inc.*, No. 15-CV-2287-BAS-NLS, 2018 WL 4961513, at *2 (S.D. Cal. Oct. 12, 2018).

## III.
## DISCUSSION

The Court agrees with the parties that Rule 35 examinations of Plaintiffs are warranted because Plaintiffs' mental condition is "in controversy," and the circumstances surrounding the request support a finding of good cause. First, Plaintiffs assert a claim for negligent infliction of emotional distress ("NIED"). *See* Dkt. No. 1 at 49. In support of this claim, Plaintiffs allege that they "have suffered severe and substantial emotional distress, worry, anxiety, loss of sleep, frustration, and pain and suffering as a result of the exposure to toxic mold, and as a result of the physical and psychological impact such exposure has had on Plaintiffs." *Id*. at ¶ 110. Having alleged these facts in support of their NIED claim, Plaintiffs have made their mental condition "the subject of the litigation" such that it satisfies Rule 35's "in controversy" requirement. *Robertson*, 2014 WL 6810726, at *1. Further, in the Joint Motion, the parties "agree the existence and extent of Plaintiffs' mental health claims remain at issue in the instant action," which indicates Plaintiffs' concession that their mental condition is "in controversy." Dkt. No. 22 at 2-3.

Plaintiffs further allege they "have suffered severe, substantial, enduring, serious emotional distress." *Id*. at ¶ 111. The requested Rule 35 examination is relevant to a determination regarding the severity and duration of Plaintiffs' emotional distress. Moreover, the allegedly "enduring" nature of Plaintiffs' emotional distress supports a finding of good cause for the Rule 35 examinations. *See Erhart*, 2018 WL 4961513, at *2.

## IV.
## CONCLUSION

For the foregoing reasons, the Joint Motion for an order permitting the Rule 35 examinations of Plaintiffs is **GRANTED**. Pursuant to the parties' stipulation, the Court **ORDERS** as follows:

1. The Rule 35 examiner shall be a clinical and forensic psychologist, Bruce Yanofsky, Ph.D., retained as an expert by Defendants.
2. Plaintiff Christine Brown's examination will be conducted by remote videoconference beginning at **10:00 a.m.** on **November 28, 2023**.
3. Plaintiff Saint Brown's examination will be conducted by remote videoconference beginning at **10:00 a.m.** on **November 30, 2023**.
4. Plaintiffs agree to bring a list of all medications that they are presently taking, as well as their dosage, to the examination.
5. The examinations shall consist of a mental examination involving a taking of a history and symptoms relative to the alleged incident. The session will focus on assessing Plaintiffs' present mental health, as well as a forensic evaluation of Plaintiffs' past mental health concerns, as well as the extent of the exacerbation of those concerns by the incident, if any.
6. Dr. Yanofsky may administer psychiatric tests verbally or by providing Plaintiffs the opportunity to draft a written response. The examinations will not include any test or procedure that is painful, protracted, or intrusive. No audio or videotaped recordings of the examination will be taken.
7. Dr. Yanofsky shall make written reports of the examinations within a reasonable amount of time after the completion of the examination.
8. The written reports shall be detailed and set forth Dr. Yanofsky's findings, including diagnoses, conclusions, and the results of any tests.
9. Defendants' counsel shall cause a copy of Dr. Yanofsky's reports to be sent to Plaintiffs' counsel within a reasonable amount of time after their receipt by Defendants' counsel.
10. After the delivery of the report, Plaintiff shall have the right to take a discovery deposition of Dr. Yanofsky.
11. No person, other than Dr. Yanofsky, shall participate in any way in the examination or in the evaluation or diagnosis of Plaintiffs.

12. This examination shall be the only Rule 35 examination that shall be conducted in this case absent a Court order or an additional stipulation between the parties.

**IT IS SO ORDERED.**

Dated: November 14, 2023

_____
Hon. David D. Leshner
United States Magistrate Judge