UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAINT BROWN, et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>v.<br><br>CAMP PENDLETON & QUANTICO HOUSING LLC, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 3:23-cv-00567-JES-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[ECF No. 42]** |

　　　This case comes before the Court on a motion for partial summary judgment filed by Defendants/Counterclaimants San Diego Family Housing, LLC ("SDFH") and Lincoln Military Property Management LP ("LMPM" collectively "Defendants") on their motion for summary judgment on Plaintiffs' claims. ECF No. 42. Plaintiffs filed an opposition, and Defendants filed a reply brief. ECF Nos. 48, 51. On July 3, 2024, the Court heard oral argument on the matter. ECF No. 52. For the reasons stated below, the Court **GRANTS** in part and **DENIES** in part Defendants' motion for summary judgment.

1

## I.   BACKGROUND

On May 20, 2022, Plaintiffs entered into a Lease Agreement ("the Lease") with SDFH for a 4-bedroom, 2.5-bathroom two-story detached home with a fenced backyard at 1424 Orion Drive, San Diego, California 92126 ("Orion Property") in the Capeharts West neighborhood on base aboard Marine Corps Air Station Miramar ("MCAS Miramar"). Declaration of Matt Ruane in Supp. of Mot. for Partial Summ. J. ("Ruane Decl.") ¶ 2, ECF No. 42-3. Plaintiffs moved into the Orion Property on June 14, 2022. *Id*.

SDFH is the lessor of the Orion Property and LMPM is the property manager of the Orion Property, which manages the property pursuant to its Property Management Agreement ("PMA") with SDFH and the Mold and Water Intrusion Operations & Management Procedure, SOP 650, ("O&M Plan") which was developed by SDFH with the U.S. Navy. *Id*. ¶ 3. SDFH and Lincoln are required to follow the parameters and directives of the PMA and the O&M Plan, specifically, with respect to reports of mold, moisture or water intrusion at a property. *Id*. The O&M Plan was developed in consultation with the U.S. Navy and is based in part on U.S. Navy documents and policies, and language contained in the O&M Plan has been carried over from specific past and current housing policies of the U.S. Navy. *Id*.

Plaintiffs' complaint revolves around water intrusion related maintenance issues at the Orion Property during the last five months of their tenancy, which first arose on or about October 2022. *Id*. ¶ 4. During October 2022, Plaintiffs reported that their HVAC vents and ducts were dirty, and "coated in a heavy layer of particles and dust," that there was water damage and an "intense mold smell" in the upstairs hallway bathroom, mold in the master bathroom and a leak from the ceiling over the downstairs bedroom. *Id*. ¶¶ 8-12. Plaintiffs were relocated while remediation and repair work was performed at the Orion Property. *Id*. ¶¶ 12-14. Repair work to the Orion Property was completed on November 22, 2022, and the Plaintiffs were allowed to move back into the Orion Property as of that day. *Id*. ¶ 18.

| | |
|---|---|
| 1 | On December 2, 2022, shortly after moving back into the Orion Property, the Plaintiffs reported that there was elevated moisture at the base of the master bathroom bathtub and work was performed to remedy the problem. *Id*. ¶ 19. On January 5, 2023, the Plaintiffs requested another inspection of the Orion Property, and a subsequent inspection did not find any mold, nor elevated moisture, but areas of the subfloor in the master closet which had apparent old staining were replaced and the carpet replaced. *Id*. ¶ 20. On February 13, 2023, the Plaintiffs reported a brown colored stain on the upstairs hallway ceiling, mold in the attic, as well as holes in the HVAC ducting. *Id*. ¶ 22. Plaintiffs were given the option of being displaced while the items were repaired, but decided to move out instead, and vacated the Orion Property by February 27, 2023. *Id.* |

## II.   LEGAL STANDARD

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party has the initial burden of demonstrating that summary judgment is proper *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The moving party must identify the pleadings, depositions, affidavits, or other evidence that it "believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).

The burden then shifts to the opposing party to show that summary judgment is not appropriate. *Celotex*, 477 U.S. at 324. The opposing party's evidence is to be believed, and all justifiable inferences are to be drawn in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, to avoid summary judgment, the opposing party cannot rest solely on conclusory allegations. *Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986). Instead, it must designate specific facts showing there is a genuine issue for trial. *Id. See also Butler v. San Diego District Attorney's Office*, 370 F.3d 956, 958 (9th Cir. 2004) (stating if defendant produces enough evidence to require plaintiff to go beyond pleadings,

plaintiff must counter by producing evidence of his own). More than a "metaphysical doubt" is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

### III. REQUEST FOR JUDICIAL NOTICE

Before addressing the merits of the motion for summary judgment, the Court first considers requests for judicial notice by both parties. Both parties raise various evidentiary objections against the opposing party's exhibits.

**A. Defendants' Request for Judicial Notice**

Defendants request the Court take judicial notice of ten documents, each of which were attached to the Declaration of Kristin Reyna DeHart ("DeHart Decl."), including:

(1) Exhibit A-1, Excerpts from the Final Environmental Impact Statement for Military Family Housing in the San Diego Region, by the Department of Navy Southwest Division Naval Facilities Engineering Command ("NAVFAC Southwest"), June 2004;

(2) Exhibit B-1, Excerpts from the Department of Defense ("DoD") Manual, DoD Housing Management, Number 4165.63-M, October 2010;

(3) Exhibit C-1, County Assessor/Recorder stamped maps and ownership information relating to MCAS Miramar;

(4) Exhibit D-1, United States Marine Corps map of the "Main Station" of Marine Corps Air Station Miramar obtained from the Marine Corps Community Services Miramar website, www.mcasmiramar.com, which includes the location of Plaintiffs' home on Orion Drive within the military installation just southwest of the North Gate;

(5) Exhibit E-1, Excerpts from the United States Marine Corps F-35B West Coast Basing Final Environmental Impact Statement, v.1, by NAVFAC, 2010;

(6) Exhibit F-1, Order Denying Motion to Remand in *Doe v. Camp Pendleton & Quantico Housing, LLC*, No.: 20-cv-224-GPC-AHG, 2020 WL 1890576 (S.D. Cal. Apr. 16, 2020);

(7) Exhibit G-1, Court Order dated January 4, 2023, on Defendants' Motion for Summary Judgment in the matter of *Daniels v. AETC II Privatized Housing, LLC*, 5-19-CV-01280-RBF, 2023 WL 2558135 (W.D. Tex. Jan. 4, 2023);

(8) Exhibit H-1, Court Order dated March 4, 2023, on Defendants' Motion for Summary Judgment in the matter of *Clover v. Camp Pendleton & Quantico Housing, LLC*, No.: 20cv567-LAB (WVG), 2023 WL 2354807 (S.D. Cal. Mar. 4, 2023);

(9) Exhibit I-1, Court Order dated August 4, 2023, on Defendants' Motion for Summary Judgment in the matter of *Phipps v. Camp Pendleton & Quantico Housing, LLC*, No.: 21cv1514 DMS(AHG), 2023 WL 5003571 (S.D. Cal. Aug. 4, 2023);

(10) Exhibit J-1, Court Order dated February 16, 2024, on Defendants' Motion for Summary Judgment in the matter of *Fischer v. Fort Belvoir Residential Communities, LLC*, No. 1:22-cv-286 (RDA/LRV) (E.D. Va. Feb. 16, 2024).

Federal Rule of Evidence 201 provides that "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).

Plaintiffs have not opposed Defendants' request for judicial notice of any of the requested items. Exhibits A-1, B-1, C-1, D-1 and E-1 appear to be appropriate items for the Court to accept judicial notice. It appears that the accuracy of the sources cannot be questioned, and the items can be accurately and readily determined from the sources. For those reasons, the request for judicial notice is **GRANTED** regarding Exhibits A-1, B-1, C-1, D-1 and E-1.

Exhibits F-1, G-1, H-1, I-1, and J-1 are all recent decisions relating to issues germane to this case, each containing an opinion on federal enclave jurisdiction. "It is unnecessary to request the court judicially notice … cases from California and federal courts …. [T]he Court routinely considers such legal authorities in doing its legal analysis without a party

requesting they be judicially noticed." *Lucero v. Wong*, No. C 10-1339 SI (pr), 2011 WL 5834963, at *5 (N.D. Cal. Nov. 11, 2001); *see also BP West Coast Prods., LLC v. May*, 347 F. Supp. 2d 898, 901 (D. Nev. 2004) (noting judicial notice is unnecessary for courts to "take a case into account as non-binding precedent.") Thus, the request for judicial notice of these exhibits is **DENIED** as moot.

### B. Plaintiffs' Request for Judicial Notice

Plaintiffs request the Court take judicial notice of seven documents, each of which were attached to the Declaration of Lenden Webb ("Webb Decl."), including:

(1) Exhibit 1, Defendants' Notice of Removal;

(2) Exhibit 2, Honorable Jeffrey T. Miller's February 1, 2024, Order RE: Subject Matter Jurisdiction in *Childs v. San Diego Family Housing, LLC*, 714 F. Supp. 3d 1262 (S.D. Cal. 2024);

(3) Exhibit 3, Plaintiffs' Complaint;

(4) Exhibit 4, Lease Agreement between Plaintiffs and Defendants;

(5) Exhibit 5, Honorable Larry Burns' Order Denying Defendants' Motion to Dismiss in *Clover v. Camp Pendleton & Quantico Housing, LLC*, No.: 20cv567-LAB (WVG), 2023 WL 2354807 (S.D. Cal. Mar. 4, 2023);

(6) Exhibit 6, Honorable Larry Burns' Order Denying Defendants' Motion to Dismiss in *Beck v. Camp Pendleton & Quantico Housing, LLC*, No.: 20cv579-LAB (WVG), 2021 WL 948793 (S.D. Cal. Mar. 12, 2021);

(7) Exhibit 7, Honorable Jeffrey T. Miller's Order Denying Defendants' Motion to Dismiss in *Childs v. San Diego Family Housing, LLC*, No.: 19cv2329 JM (MDD), 2020 WL 12689448 (S.D. Cal. Sept. 1, 2020).

Defendants have not opposed Plaintiffs' request for judicial notice of Exhibits 1, 3 and 4. These exhibits appear to be appropriate items for the Court to accept judicial notice. It appears that the accuracy of the sources cannot be questioned, and the items can be accurately and readily determined from the sources. For those reasons, the request for judicial notice is **GRANTED** regarding Exhibits 1, 3 and 4.

Defendants object to the Court taking judicial notice of Exhibits 2, 5 (paragraph 13 of Webb Decl.), 6 (paragraph 14 of Webb Decl.) and 7 (paragraph 15 of Webb Decl.). Exhibits 2 and 5-7 are all recent decisions relating to issues germane to this case, each containing an opinion on federal enclave jurisdiction. "It is unnecessary to request the court judicially notice … cases from California and federal courts …. [T]he Court routinely considers such legal authorities in doing its legal analysis without a party requesting they be judicially noticed." *Lucero*, 2011 WL 5834963, at *5; *see also BP West Coast Prods., LLC*, 347 F. Supp. 2d at 901 (noting judicial notice is unnecessary for courts to "take a case into account as non-binding precedent."). Thus, the request for judicial notice of Exhibits 2, 5-7 and paragraphs 12-15 of the Webb Decl. is **DENIED** as moot.

### C. Objections to Evidence

#### 1. Plaintiffs' Objections

In support of its motion for summary or alternatively, partial summary judgment, Defendants submit the declaration of Matt Ruane, the Director of Military Affairs for SDFH. Plaintiffs object to various portions of the Ruane Decl. based on Federal Rule of Evidence 602 for lack of foundation and personal knowledge. ECF No. 48-3. Specifically, Plaintiffs object to paragraphs 7-13, 17-20 and 22.

Federal Rule of Evidence 602 states that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Evidence to prove personal knowledge may consist of the witness's own testimony. This rule does not apply to a witness's expert testimony under Rule 703." Fed. R. Evid. 602. "Personal knowledge may be inferred from declarations that concern areas within the declarant's job responsibilities." *Silva v. AvalonBay Cmtys., Inc.*, No. LA CV15-04157 JAK (PLAx), 2015 WL 11422302, at *4 n.1 (C.D. Cal. Oct. 8, 2015).

Each of the paragraphs objected to detail the history of Plaintiffs' complaints to their lessor about water damage at the Orion Property and remediation work done at the Orion Property by the lessor. In the first paragraph of the Ruane Decl., Mr. Ruane avers that he currently serves as the Director of Military Affairs for SDFH and has held that title since

2019. Ruane Decl. ¶ 1. Further, Mr. Ruane avers that the "facts stated herein are of my own personal knowledge, and if called as a witness, I could and would competently testify thereto. *Id*. SDFH is the lessor, and it appears that sufficient foundation has been laid and Mr. Ruane possesses personal knowledge to testify regarding the history of Plaintiffs' complaints to the lessor regarding water damage at the Orion Property and remediation work done at the Orion Property. Plaintiffs' objections are therefore, **OVERRULED**.

### 2. Defendants' Objections

In support of its opposition to Defendants' motion for summary judgment or alternatively, partial summary judgment, Plaintiffs submit the declaration of Plaintiff Saint Brown ("Brown Decl.") and the declaration of attorney Lenden Webb ("Webb Decl."). ECF Nos. 48-1, 48-2. Defendants object to various portions of the Brown Decl. and the Webb Decl. based on Federal Rule of Evidence 602 for lack of foundation and personal knowledge and Federal Rule of Evidence 901 for being speculative, conclusory, and stating a legal conclusion. ECF No. 51-1. In particular, Defendants object to paragraphs 3-10 in the Brown Decl. and paragraphs 2-9, 12-15 and Exhibits 2 and 5-7 in the Webb Decl.

#### a. Declaration of Plaintiff Saint Brown

Defendants object to the statements in paragraphs 3-9 based on a lack of foundation and personal knowledge pursuant to Fed. R. Evid. 602 and further objects to paragraphs 3-4, 9-10 based on the grounds that the statements are speculative, conclusory, makes a legal conclusion, and lacks foundation, as the declaration fails to submit any documents or evidence in support of his conclusions pursuant to Fed. R. Evid. 901.

Federal Rule of Evidence 901(a) requires "authentication or identification as a condition precedent to admissibility." Fed. R. Evid. 901(a). Thus, before evidence may be admitted, a foundation must be laid "by evidence to support a finding that the matter in question is what its proponent claims." *Id*. "Documents which have not had a proper foundation laid to authenticate them cannot support a motion for summary judgment." *Bryene v. Coleman So. Servs., Inc.*, 854 F.2d 1179, 1182 (9th Cir. 1988) (quoting *Canada v. Blain's Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987))

  Paragraphs 3-8 of Mr. Brown's declaration sets forth legal conclusions as to whether the United States exercises exclusive jurisdiction over MCAS Miramar. Defendants' objections are **SUSTAINED**. "[A] lay witness cannot offer testimony to establish a legal conclusion." *Lee v. City of Madera*, No. CIV F 04-5607 AWI DLB, 2008 WL 5042856, at *4 (E.D. Cal. Nov. 20, 2008); *see also Roosevelt Irrigation Dist. v. United States*, No. CV-15-00448-PHX-JJT, 2019 WL 1087939, at *4 (D. Ariz. Mar. 7, 2019) (precluding a witness from testifying as to the legal conclusion of whether the United States possessed a legal interest in certain property).

  Paragraph 9 lists documents that are not attached to the declaration that "will support [Plaintiffs] claims and provide additional context regarding jurisdiction in the San Diego region … [and] may strip this Court of jurisdiction to hear the instant matter." Brown Decl. ¶ 9. Mr. Brown then lists five documents, but once again does not attach them to the declaration. Mr. Brown's testimony regarding these unseen documents lack sufficient foundation and for similar reasons as stated above regarding paragraphs 3-8, Defendants' objection is **SUSTAINED**.

  Paragraph 10 avers that Mr. Brown is in the process of securing the aforementioned documents listed in paragraph 9 through a Freedom of Information Act request and would promptly provide them to his attorneys to submit tot eh Court once they are in his possession. *Id.* ¶ 10. It appears Mr. Brown is testifying to action he personally took in this matter and this testimony is based on his personal knowledge. Therefore, Defendants' objection to paragraph 10 is **OVERRULED**.

  **b. Declaration of Lenden Webb**

Defendants object to the statements in paragraphs 2-4 based on the grounds that the statements set forth a legal conclusion, paragraphs 5-9 and 12 as improper argument of counsel, paragraphs 13-15 and Exhibits 2, 5-7 as irrelevant.

  Similar to Mr. Brown's declaration, paragraphs 2-4 of Mr. Webb's declaration sets forth legal conclusions as to whether the United States exercises exclusive jurisdiction over MCAS Miramar. Defendants' objections are **SUSTAINED** as to paragraphs 2-4.

Paragraphs 5-9 and 12 offer no facts and is improper argument presented in an improper format. These substantive arguments are properly included in a memorandum of points and authorities in support of or opposition to a motion, not a declaration. *See Oliver v. Hot Topic, Inc.*, No. 10cv1111 BEN (AJB), 2010 WL 4261473, at *1 (S.D. Ca. July 27, 2010); *see also Roosevelt Irrigation District*, 2019 WL 1087939, at *4 (precluding a witness from testifying as to the legal conclusion of whether the United States possessed a legal interest in certain property). Defendants' objection is **SUSTAINED**.

## IV. LEGAL ANALYSIS

### A. Federal Enclave Doctrine

Defendants first argue that many of Brown's claims are barred by the federal enclave doctrine. Specifically, Defendants attack Brown's claims for negligent infliction of emotional distress, breach of the implied warranty of habitability, rent abatement, breach of the implied covenant of quit use and enjoyment, premises liability and negligent misrepresentation. The parties disagree as to whether the Orion Property falls on a federal enclave. The Court recently addressed this issue in its Order Denying Plaintiffs' Motion to Remand. ECF No. 72. The Court found that the Orion Property on MCAS Miramar is on a federal enclave and adopts the historical summary and analysis from that Order.

The federal enclave doctrine, as interpreted by the Supreme Court, provides that when "the United States acquires with the 'consent' of the state legislature land within the borders of that State[,] … the jurisdiction of the Federal Government becomes 'exclusive.'" *Paul*, 371 U.S. at 264. Importantly, "when an area in a State becomes a federal enclave, only the state law in effect at the time of the transfer of jurisdiction continues in force"; "[g]oing forward, state law presumptively does not apply to the enclave." *Parker Drilling Mgmt. Servs., Ltd. v. Newton*, 587 U.S. 601, 612 (2019) (internal citations, quotation marks, and alterations omitted).

As to Defendants' argument that many of the claims are barred by the federal enclave doctrine, the Court addressed this argument in *Clover v. Camp Pendleton & Quantico Housing, LLC*, No.: 20cv567-LAB (WVG), 2023 WL 2354807 (S.D. Cal. Mar. 4, 2023)

and *Phipps v. Camp Pendleton & Quantico Housing, LLC*, No.: 21cv1514 DMS(AHG), 2023 WL 5003571 (S.D. Cal. Aug. 4, 2023). Those cases involved facts similar to those at issue here, and the same defendants and counsel for both parties as appear in this case. In *Clover*, on the defendants' motion for summary judgment, the Court found the federal enclave doctrine applied, and barred the plaintiffs' claims for negligent infliction of emotional distress, breach of the implied warranty of habitability, rent abatement, and premises liability.

In the present case, Plaintiffs raise the same arguments against application of the federal enclave doctrine, but this Court is not persuaded that those arguments warrant an outcome different from that in *Phipps* and *Clover*. Further, Plaintiffs do not dispute that Plaintiffs' claims for negligent infliction of emotional distress, breach of the implied warranty of habitability, rent abatement, and premises liability did not exist prior to 1939. The Court finds the reasoning of *Clover* persuasive and adopts and applies it here to reach the same result. For the reasons set out in *Clover*, the federal enclave doctrine bars Plaintiffs' claims for negligent infliction of emotional distress, breach of the implied warranty of habitability, rent abatement, and premises liability. As in *Clover*, Defendants have not shown the federal enclave doctrine bars Plaintiffs' claims for breach of the implied covenant of quiet use and enjoyment and negligent misrepresentation, as each of these causes of action were enacted in 1872, prior to MCAS Miramar becoming a federal enclave.

**B. Choice of Law Provision**

Next, Defendants argue Plaintiffs' remaining claims based on state law, i.e., negligence, nuisance, breach of the implied covenant of quiet use and enjoyment, and negligent misrepresentation are barred by the choice of law provision in the Lease. That provision states:

> Owner and Resident agree that this Lease and the contractual relationship between the parties shall be construed exclusively in accordance with, and shall be exclusively governed by, federal substantive law, except that the following state law shall apply: California Civil Code, Sections 1940 – 1954.1

|   |   |
|---|---|
| 1 | (Leasing Land and Dwellings) and 1980 – 1991 (Disposition of Personal |
| 2 | Property Remaining on Premises at Termination of Tenancy), California Code of Civil Procedure Sections, 1159 – 1179a (Summary Proceedings for |
| 3 | Obtaining Possession of Real Property in Certain Cases) and California state common law interpreting these sections. |
| 4 | |
| 5 | Mem. of P. & A. in Supp. of Mot. For Summ. J.; ECF No. 42-2; Decl. of Daniel Turkin, |
| 6 | Ex. A ¶ 34. |
| 7 |       This argument was addressed in *Clover* and *Phipps*. The Court finds both cases to |
| 8 | be persuasive and adopts and repeats the analysis here. The choice of law provision on its |
| 9 | face provides that the parties' contractual relationship shall be governed exclusively by |
| 10 | federal law, save for California Civil Codes §§ 1940-1954.1, 1980-1991, and California |
| 11 | Code of Civil Procedure §§ 1159-1179a, which shall also apply. As in *Phipps*, Brown |
| 12 | argues first that his claims are based on the specific state statutes identified in the Lease, |
| 13 | therefore they are not barred. Brown's claim for negligence does reference California Civil |
| 14 | Code §§ 1940 et seq. and 1941.1 et seq., therefore that claim is not barred by the choice of |
| 15 | law provision. Opp'n to Mot. For Summ. J.; ECF No. 48 at 14. However, none of Brown's |
| 16 | other remaining claims reference or rely on any of the specific state statutes identified in |
| 17 | the choice of law provision. |

---

1 (Leasing Land and Dwellings) and 1980 – 1991 (Disposition of Personal
2 Property Remaining on Premises at Termination of Tenancy), California Code
3 of Civil Procedure Sections, 1159 – 1179a (Summary Proceedings for
4 Obtaining Possession of Real Property in Certain Cases) and California state common law interpreting these sections.

5 Mem. of P. & A. in Supp. of Mot. For Summ. J.; ECF No. 42-2; Decl. of Daniel Turkin,
6 Ex. A ¶ 34.

7     This argument was addressed in *Clover* and *Phipps*. The Court finds both cases to be persuasive and adopts and repeats the analysis here. The choice of law provision on its face provides that the parties' contractual relationship shall be governed exclusively by federal law, save for California Civil Codes §§ 1940-1954.1, 1980-1991, and California Code of Civil Procedure §§ 1159-1179a, which shall also apply. As in *Phipps*, Brown argues first that his claims are based on the specific state statutes identified in the Lease, therefore they are not barred. Brown's claim for negligence does reference California Civil Code §§ 1940 et seq. and 1941.1 et seq., therefore that claim is not barred by the choice of law provision. Opp'n to Mot. For Summ. J.; ECF No. 48 at 14. However, none of Brown's other remaining claims reference or rely on any of the specific state statutes identified in the choice of law provision.

    Plaintiffs raise an additional argument in an attempt to avoid the choice of law provision. Plaintiffs argue that enforcing federal law would violate public policy. *Id*. Specifically, Plaintiffs argue there is a void in federal law covering the facts at issue here, which would allow Defendants to evade liability. *Id*. As in *Phipps*, the Court disagrees. Although the Lease is governed generally by federal law, it does allow for the application of certain state statutes, and Plaintiffs rely on some of those statutes in support of their negligence claim. In addition, Plaintiffs' argument here relies on a faulty premise, and it does not warrant disregard of the choice of law provision.

    Accordingly, the Court **GRANTS** Defendants' motion for summary judgment on Plaintiffs' claims for nuisance, negligent misrepresentation, breach of the implied covenant

of quiet use and enjoyment, gross negligence, and fraud-concealment, and **DENIES** Defendants' motion on Plaintiffs' negligence claim.

### C. Supremacy Clause

Defendants next argument is that Plaintiffs' claims are barred by the Supremacy Clause. Specifically, SDFH argue that "… the property at issue [is] on a federal enclave under exclusive federal jurisdiction, limiting which state law claims can be brought at all … [and] California law cannot and should not dictate how government owned and overseen military housing is operated especially where the government itself has spoken through the U.S. Navy as to how it is to be operated." Mem. of P. & A. in Supp. of Mot. For Summ. J. at 28; ECF No. 42-1.

Defendants make the same argument and cite the same cases in support of this argument as they made in *Phipps*. Specifically, Defendants cite *Torres v. Texas Dept. of Public Safety*, 597 U.S. 580 (2022); *Goodyear Atomic Corp. v. Miller*, 486 U.S. 174 (1988); *San Diego Building Trades Council v. Garmon*, 359 U.S. 236 (1959); *McCulloch v. Maryland*, 17 U.S. 316 (1819); *Geo Group, Inc. v. Newsom*, 50 F.4th 745 (9th Cir. 2022); *Boeing v. Movassaghi*, 768 F.3d 832 (9th Cir. 2014); *Laine v. Weinberger*, 541 F. Supp. 599 (C.D. Cal. 1982); *Burge v. Jones*, No. B-92-022, 1992 WL 415263 (S.D. Tex. Nov. 18, 1992); *United States v. Washington*, 596 U.S. 832 (2022). However, as stated in *Phipps*, none of those cases address the specific facts presented here, namely whether a resident of military housing may bring a negligence claim for personal injuries arising from water and mold damage in her home against the homeowners and property managers.

As stated in *Phipps,* the cases cited by Defendants deal with state taxes on federal banks (McCulloch), state workers compensation laws (Goodyear), state laws prohibiting the operation of private detention facilities within the state (Geo Group), state laws governing cleanup of a federal nuclear site (Movassaghi), state public nuisance laws (Laine), state products liability laws (Burge), whether states may invoke sovereign immunity as a defense to claims specifically provided for by federal statute (Torres), and whether state courts may award damages for union activity regulated by the National Labor

Relations Act (Garmon). Absent a more precise argument as to how the Supremacy Clause bars the particular claims at issue here, or specific authority to that affect, Defendants' Supremacy Clause argument does not entitle them to summary judgment.

### D. Derivative Sovereign Immunity

Next, Defendants argue they are entitled to derivative sovereign immunity from Plaintiffs' claims. As with many of the arguments raised here, Defendants raised the derivative immunity argument in *Clover* and *Phipps*. In each of those cases, the Court rejected the argument, saying, it did not warrant dismissal in a motion to dismiss and in a motion for summary judgment in *Clover* and in a motion for summary judgment in *Phipps*. This Court finds that discussion of the issue persuasive and adopts that reasoning and conclusion here. Accordingly, Defendants are not entitled to summary judgment on Plaintiffs' claims on the basis of derivative sovereign immunity.

### V.   CONCLUSION

For the reasons stated above, Defendants' motion for partial summary judgment on Plaintiffs' claims for negligent infliction of emotional distress, breach of the implied warranty of habitability, rent abatement, and premises liability is **GRANTED**. The Court **DENIES** summary judgment on Defendants' arguments as to the remainder of Plaintiffs' claims.

**IT IS SO ORDERED**.

Dated: March 25, 2025

Honorable James E. Simmons Jr.
United States District Judge