UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAINT BROWN, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>SAN DIEGO FAMILY HOUSING, LLC, a limited liability company; LINCOLN MILITARY PROPERTY MANAGEMENT LP, a limited partnership,<br><br>        Defendants. | Case No.: 23-CV-00567-JES-DDL<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING PETITION FOR APPROVAL OF MINORS COMPROMISE AND FINDING THE PROPOSED SETTLEMENT FAIR AND REASONABLE**<br><br>[ECF No. 99] |

  Before the Court is Plaintiffs' Petition for Minors Compromise for Plaintiffs T. B., L. B., C. B., and B. B. (ECF No. 99). This Report and Recommendation is submitted to United States District Judge James E. Simmons, Jr. pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 17.1 of the United States District Court for the Southern District of

California. After considering the Petition and its supporting documents, and for the below reasons, the Court **RECOMMENDS** that District Judge Simmons **GRANT** the Petition.

## BACKGROUND

This case was removed from the Superior Court for the County of San Diego on March 30, 2023. (ECF No. 1). Plaintiffs Saint Brown, Christine Brown, and Minor Plaintiffs T. B., L. B., C. B., and B. B., by and through their guardian ad litem, Peggy Jo Souder-Broome, brought this case following the allegedly harmful conditions caused by mold in their leased housing within the boundaries of United States Marine Corps Air Station Miramar. (ECF No. 1 at 31–56, Compl.; ECF No. 1-2 ¶ 7; ECF No. 72 at 7–8).

Plaintiffs' complaint alleges, among other things, Minor Plaintiffs "consistently felt cold and flu-like symptoms including coughs, colds, and sore throats." (Compl. ¶ 16). Minor Plaintiff T.B. allegedly "suffered a prolonged focal seizure for ten (10) minutes" that neurologists connected to toxic mold. (Compl. ¶ 17, 36; ECF No. 99-1 at 2, 72). Among them, the Minor Plaintiffs also allege experiencing nausea, dizziness, swollen face, heart palpitations, an ear infection, and ear infection symptoms that were diagnosed as fungal otitis externa. (Compl. ¶ 59). They allege these were caused by mold exposure. *Id.*

This case has been litigated extensively. On March 25, 2025, Judge Simmons granted in part and denied in part Defendants' motion for summary judgment, leaving only Plaintiffs' negligence claim pending. (ECF Nos. 74, 78). In a settlement conference held by Magistrate Judge David Leshner on October 8, 2025, the parties agreed to a settlement and put its terms on the record. (ECF No. 97). The matter was referred to this Court for review of the minor's compromise. (ECF Nos. 99, 100). The Court has considered the Petition for Minors Compromise, ECF No. 99, and for the reasons set forth below, **RECOMMENDS** that the petition be **GRANTED**.

## LEGAL STANDARD

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011). Rule 17(c) requires district courts to appoint guardians ad

litem or issue appropriate orders to protect minors. Fed. R. Civ. P. 17(c). In this context of a proposed settlement in a case involving a minor, "this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978).

To conduct the inquiry, in *Robidoux*, the Ninth Circuit instructed district courts to "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases." 638 F.3d at 1181–82. This should be done "without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel[.]" *Id.* at 1182. The Ninth Circuit limited its holding in *Robidoux* to the context of settlements of minors' federal claims and did "not express a view" on the approach for a federal court considering approval of a minor's state law claims. *Id.* at 1179 n.2. District courts sometimes apply the analysis in *Robidoux* and sometimes the statutory scheme provided in the California Probate Code (which focuses on reasonableness and the best interests of the minor) for approval of a minor's compromise under state law. *See Martinez v. Venegas*, No. 23-CV-0130-CAB-BGS, 2023 WL 5811837, at *2 (S.D. Cal. Sept. 7, 2023). The Court need not determine which standard applies to this case because it would not change the Court's conclusion. *See id.* ("[I]t is not necessary for the Court to resolve the question of whether Robidoux or state rules apply. The outcome is the same.").

## DISCUSSION

### A. Proposed Settlement

The parties' settlement constitutes a gross amount of $550,000, with a proposed split of $255,000 to each of Plaintiffs Saint Brown and Christine Brown, and amounts of $10,000 to each of the four Minor Plaintiffs. (ECF No. 99 at 3; ECF No. 99-1 ¶ 8). Under the proposed settlement, Minor Plaintiffs would each receive net amounts of $7,500.00, after the subtraction of $2,500.00 in attorney's fees from each payment. (ECF No. 99 at 3;

99-1 at 10 (petition form for B.B.), 32 (petition form for C.B.), 54 (petition form for L.B.), and 76 (petition form for T.B.)). The proposed procedure for disbursement and distribution is for Minor Plaintiffs' parents, Christine Brown and Saint Brown, to receive and "immediately deposit the funds into separate savings accounts for each of the respective minor Plaintiffs upon reaching the age of majority." (ECF No. 99 at 5; *see also* ECF No. 99-2, Decl. of Saint Brown, ¶ 2).

Considering the facts of Minor Plaintiffs' case, Minor Plaintiffs' claims, recovery in similar cases, and the best interests of Minor Plaintiffs, the Court finds the minors' settlement fair and reasonable. *See Robidoux*, 638 F.3d at 1181–82; Cal. Prob. Code § 3611. Previous cases in this district have addressed similar settlements following similar allegations. In *Beck v. Camp Pendleton & Quantico Hous., LLC*, a case in which minor plaintiffs alleged harms, including emotional distress, chronic headaches, allergy-type symptoms, and insomnia, caused by mold in leased housing, the court found proposed settlements of $5,000 ($3,750 after attorney's fees) to each minor plaintiff fair and reasonable. No. 20-CV-579-LAB-WVG, 2022 WL 18460770, at *1–2 (S.D. Cal. Nov. 14, 2022), *report and recommendation adopted*, No. 20-CV-579-LAB (WVG), 2023 WL 411351 (S.D. Cal. Jan. 25, 2023). In *Tipton v. Camp Pendleton & Quantico Hous., LLC*, a case where two minor plaintiffs alleged harms due to "black mold and other toxic chemicals," the court found proposed settlements of $5,000 for each minor, with net recoveries of $3,750, fair and reasonable. No. 22-CV-00167-W-AHG, 2022 WL 5133481, at *1–2, 5 (S.D. Cal. Oct. 4, 2022).

In this case, "Plaintiffs have continued to see various doctors and medical providers, and at this time there is no indication that any of the minor Plaintiffs have any ongoing symptoms that would require additional future medical care related to the condition of the Leased Property." (ECF 99-1 at 2). Still, Minor Plaintiffs allege suffering serious medical

issues, including Plaintiff T.B.'s alleged seizure.[1] Accordingly, the settlement amounts for Minor Plaintiffs here, which are higher than those approved in *Beck* and *Tipton*, appear fair and reasonable under the circumstances.

### B. Attorney's Fees

"[F]ees in minors cases have historically been limited to 25% of the gross recovery." *Napier by & through Quiroz v. San Diego Cnty.*, No. 15-CV-00581-CAB-KSC, 2017 WL 5759803, at *3 (S.D. Cal. Nov. 28, 2017). When evaluating whether the attorney's fee is reasonable, courts consider factors that include (1) the amount of the fee in proportion to the value of the services performed, (2) the novelty and difficulty of the questions involved and skills required, (3) the amount involved and the results obtained, and (4) the experience and ability of the attorney. *Estate of Serna v. County of San Diego*, No. 20-CV-2096-BAS-DDL, 2024 WL 4152362, at *4 (S.D. Cal. Sept. 10, 2024). This case has been litigated for multiple years, past the summary judgment stage, and the Court finds that the proposed attorney's fees of 25% are appropriate.

### C. Interest-Bearing Accounts

Plaintiffs' counsel's declaration states that under the proposal Minor Plaintiffs' "respective positions of the settlement funds will safely accrue interest until such time as they reach the age of majority." (ECF No. 99-1 at 3). Minor Plaintiffs' parents, Saint Brown and Christine Brown, plan to put the funds into savings accounts at Navy Federal Credit Union. *Id.* Given the Court's duty to safeguard the interests of Minor Plaintiffs, the Court instructs Plaintiffs Saint Brown and Christine Brown to ensure that the chosen savings accounts are federally insured, blocked, interest-bearing accounts offering competitive interest rates. No withdrawal of principal or interest may be made from this account without a written order from this Court or any court of competent jurisdiction. When the minors reach the age of 18, the depository is authorized and directed, without further order of this

---

[1] All petitions check a box indicating that "[t]he claimant has recovered completely from the effects of the injuries described [above], and there are no permanent injuries." *Id.* at 6, 28, 50, and 72.

Court or any other court of competent jurisdiction, to pay by check or transfer directly to the minors, all funds, including interest, deposited under this Court's order.

## CONCLUSION

After conducting an independent evaluation of the proposed settlement, and reviewing the Petition for Minors Compromise, ECF No. 99, along with its supporting documents, the Court finds that the proposed settlement of Minor Plaintiffs' claims of $10,000 for each minor with net recoveries of $7,500 for each is fair and reasonable. The Court **RECOMMENDS** that District Judge Simmons **GRANT** the Petition.

Any objections to this Report and Recommendation must be filed with the Court and served on all parties within 14 days of the date this order is docketed. [2]

**IT IS SO ORDERED.**

Dated: December 29, 2025.

Hon. Brian J. White
United States Magistrate Judge

---

[2] While the federal statutory scheme provides a 14-day objections period to a Magistrate Judge's Report and Recommendation, the undersigned notes that the petition in this case is unopposed. (*See* Fed. R. Civ. P. 72; ECF No. 99 at 4). Therefore, if all parties wish to waive the objections period, they should file a joint stipulation to that effect immediately, to allow the Court to adopt this Report and Recommendation without further delay. There will be no adverse consequences to any party who files objections or otherwise chooses not to waive the objection period.